



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 27, 2026**

**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| PBREIA, LLC, | § § | Case No.: 25-42439-mxm11 |
| Debtor. | § § § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
**CONFIRMING DEBTOR'S CHAPTER 11 PLAN**

Upon the filing by PBREIA, LLC (the "Debtor") in the above-captioned chapter 11 case

(the "Chapter 11 Case") of the *Debtor's Second Amended Chapter 11 Plan* [Docket No. 186] (as

amended, supplemented, or otherwise modified from time to time, the "Plan"),[1] attached hereto as

**Exhibit A**, and the *Debtor's Third Amended Disclosure Statement Under 11 U.S.C. 1125* [Docket

No. 185] (as amended, supplemented, or otherwise modified from time to time, the "Disclosure

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

1

Statement"); and this Court having entered the *Order (I) Approving the Second Amended Disclosure Statement; (II) Approving the Solicitation and Notice Procedures; and (III) Granting Related Relief* [Docket No. 168] (the "Disclosure Statement Order");[2] and the Debtor having caused the Disclosure Statement, the Plan, the Solicitation Packages, the Non-Voting Packages, the Confirmation Notice, and all other required documents to be distributed or made available to Holders of Claims, Equity Interests, and other parties in interest in accordance with the Disclosure Statement Order; and the Court having found that good and sufficient notice of the Disclosure Statement, Plan, and the Confirmation Hearing were provided to Holders of Claims, Equity Interests, and other parties in interests in accordance with title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") and the orders of this Court, including the Disclosure Statement Order, as established by the certificates of service filed on the docket in the Chapter 11 Case [Docket No. 172, 189] (collectively, the "Certificates of Service"); and the Court having found that such notice is sufficient under the circumstances and no other or further notice need be provided; and the Court having considered (i) the Declaration of John Pribble in support of confirmation of the Plan

---

[2]   The Plan and Disclosure Statement were filed after the Court's entry of the Disclosure Statement Order. The amendments to the Plan and Disclosure Statement did not require re-solicitation or re-noticing under the Disclosure Statement Order, and the current Plan and Disclosure Statement remain bound by the Disclosure Statement Order pursuant to and in compliance with *In re Am. Solar King Corp.*, 90 B.R. 808, 823 (Bankr. W.D. Tex. 1988) (A new disclosure statement and resolicitation of the plan is not required every time a chapter 11 plan is modified after entry of an order approving a previously filed disclosure statement. Instead, "[f]urther disclosure occurs only when and to the extent that the debtor intends to solicit votes from previously dissenting creditors or when the modification materially and adversely impacts parties who previously voted for the plan." A modification is material if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance. A modification which is not likely to trigger such reconsideration de facto satisfies Section 1125 disclosure requirements. Moreover, Bankruptcy Rule 3019 allows a court to attribute prior acceptances to an amended plan where the modification 'does not adversely change' a claimant's treatment.) *Id.* at 824 - 25. Here, the Plan and Disclosure Statement provide for more favorable treatment to all Holders of Allowed Claims, and the Plan is fully consensual. There are no unimpaired classes of claims under the Plan, and accordingly, there are no prior votes to accept the Plan that are eligible for a change in votes.

2

[Docket No. 190] (the "Pribble Declaration") and (ii) all other evidence and testimony offered at the Confirmation Hearing; and upon the entire record of this Chapter 11 Case, the record made at the Confirmation Hearing and the arguments of counsel and the evidence adduced threat; and the Court having determined, based upon all of the foregoing, that the Plan should be confirmed; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court makes and issues the following findings of fact and conclusions of law, and orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**IT IS DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

A.   **Findings and Conclusions.** The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by this Court at the Confirmation Hearing in relation to confirmation of the Plan are hereby incorporated into this Confirmation Order and are essential, inextricable, and non-severable components and terms of this Confirmation Order and the treatment and distributions provided under the Plan. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

B.   **Jurisdiction, Venue, Core Proceeding.** This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.[3] Consideration of whether the Plan complies with the applicable provisions of the Bankruptcy Code constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). This Court may enter a final

---

[3]   It is noted that CDSS consents to the Plan and the entry of this Confirmation Order, but has not waived its Eleventh Amendment or any other jurisdictional defenses for any other purpose or proceeding.

order consistent with Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C.        **Eligibility for Relief.** The Debtor was and is a legal entity eligible for relief under section 109 of the Bankruptcy Code, and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

D.        **Commencement of the Chapter 11 Case.** On July 2, 2025 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has operated its business and managed its assets as a Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case. No committee has been appointed in this Chapter 11 Case.

E.        **Judicial Notice.** The Court takes judicial notice of (and deems admitted into evidence for purposes of Confirmation of the Plan) the docket of this Chapter 11 Case maintained by the clerk of the Bankruptcy Court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of this Chapter 11 Case.

F.        **Disclosure Statement Order.** On April 24, 2026, the Court entered the Disclosure Statement Order, among other things, (a) setting the Voting Deadline for voting to accept or reject the Plan, (b) approving certain procedures for soliciting, receiving, and tabulating votes to accept or reject the Plan (the "Solicitation Procedures"), and (c) the deadline and date by which objections to confirmation of the Plan must be filed (the "Confirmation Objection Deadline").

G.        **Solicitation and Notice.** As shown by Certificates of Services, the solicitation of Plan complied with the Solicitation Procedures, was appropriate and satisfactory based upon the

4

circumstances of this Chapter 11 Case, and complied with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations. As further shown by Certificates of Services, the Disclosure Statement, Plan, the Solicitation Packages, the Non-Voting Packages, the Confirmation Notice, and all other materials distributed by the Debtor in connection with solicitation of the Plan, as they may have been amended or supplemented from time to time, were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, with the Local Rules, and with the Solicitation Procedures set forth in the Disclosure Statement Order. As further shown by Certificates of Services, (a) the service of the Solicitation Packages was adequate and sufficient under the circumstances of this Chapter 11 Case and (b) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Rules and the Disclosure Statement Order.

H.     **Voting.** Voting was not applicable to the Plan, as amended. Under the Plan, all Classes of Claims were paid in cash in full upon the Effective Date, and as such, there are no Impaired Classes of Claims under the Plan. Because all Classes of Claims are Unimpaired, all Classes of Claims are deemed to accept the Plan, and therefore, ineligible to vote on the Plan.

I.     **Plan Modifications.** Any Modifications to the Plan, as well as other settlements and resolutions announced on the record at the Confirmation Hearing, all of which are reflected herein (collectively, the "Plan Modifications"), do not materially or adversely affect or change the treatment of any Claim or Equity Interest and are hereby approved.

J. **Burden of Proof.** The Debtor has met its burden of proving that the Plan satisfies or complies with all applicable provisions of sections 1122, 1123, 1125, 1126, and 1129 of the Bankruptcy Code by a preponderance of the evidence.

K. **Principal Purpose.** The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.

L. **Bankruptcy Rule 3016.** The Plan is dated and identifies the Debtor as the Plan proponent, thereby satisfying Bankruptcy Rule 3016(a). The Debtor appropriately filed the Plan with the Court, thereby satisfying Bankruptcy Rule 3016(b). The injunction, release, and exculpation provisions in the Plan describe, with specific and conspicuous language, all acts to be enjoined, released, and exculpated and identify the entities that will be subject to the injunction, releases, and exculpations, thereby satisfying Bankruptcy Rule 3016(c).

M. **Plan Compliance with the Bankruptcy Code: 11 U.S.C. § 1129(a)(1).** The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123 thereof, as required by section 1129(a)(1) of the Bankruptcy Code.

N. **Proper Classification: 11 U.S.C. §§ 1122, 1123(a)(1).** The classification of Claims under the Plan is proper under the Bankruptcy Code. In accordance with sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article V of the Plan provides for the separate classification of Claims and Equity Interests into five (5) Classes. Valid business, factual, and legal reasons exist for the separate classification of such Classes of Claims and Equity Interests. The classifications reflect no improper purpose and do not unfairly discriminate between, or among, Holders of Claims or Equity Interests. Each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests

within that Class. Accordingly, the Plan satisfies the requirements of sections 1122(a) and 1123(a)(1) of the Bankruptcy Code.

O.      **Specified Unimpaired Classes: 11 U.S.C. § 1123(a)(2).** The Plan specifies that Classes 1-5 (i.e., all Classes) are Unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Additionally, the Plan specifies that Allowed Administrative Claims, Allowed Professional Fee Claims, and Allowed Priority Tax Claims will be paid in cash in full upon the Effective Date in accordance with the terms of the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code.

P.      **Specified Treatment of Impaired Classes: 11 U.S.C. § 1123(a)(3).** The Plan specifies that no Classes are Impaired. Accordingly, the requirements of section 1123(a)(3) of the Bankruptcy Code are not applicable to the Plan.

Q.      **No Discrimination: 11 U.S.C. § 1123(a)(4).** The Plan provides for the same treatment by the Debtor for each Claim or Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest. Accordingly, the Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

1.      **Implementation of the Plan: 11 U.S.C. § 1123(a)(5).** The Plan provides for adequate and proper means for the Plan's implementation including, without limitation, (a) sources of consideration for Plan distribution, and (b) the execution, delivery, filing, or recording of all contracts, securities, instruments, releases, and other agreements or documents related to the foregoing. Accordingly, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

R.      **Non-Voting Equity Securities: 11 U.S.C. § 1123(a)(6).** Because the Debtor is liquidating, the prohibition on the issuance of nonvoting equity securities contained in section 1123(a)(6) of the Bankruptcy Code is not applicable.

S.      **Designation of Directors and Officers: 11 U.S.C. § 1123(a)(7).** The Plan provides for the Debtor's principals to remain in place after the Effective Date in the same capacity in the Reorganized Debtor. Accordingly, the Plan satisfies the requirement of section 1123(a)(7) of the Bankruptcy Code.

T.      **11 U.S.C. § 1123(a)(8).** The Debtor is not an individual. Accordingly, 11 U.S.C. § 1123(a)(8) is not applicable to the Plan.

U.      **Additional Plan Provisions: 11 U.S.C. § 1123(b).** The Plan's discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent with the applicable provisions of the Bankruptcy Code. Thus, the Plan satisfies the requirements of section 1123(b) of the Bankruptcy Code.

V.      **Impairment or Unimpairment of Any Class of Claims or Interests: 11 U.S.C. § 1123(b)(1).** Pursuant to the Plan, Classes 1-5 are Unimpaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

W.      **Assumption and Rejection of Executory Contracts: 11 U.S.C. § 1123(b)(2).** The Plan provides for the rejection of the Debtor's remaining Executory Contracts and Unexpired Leases (if any), effective as of the Effective Date, except for any Executory Contract or Unexpired Lease that (a) was previously assumed, assumed and assigned, or rejected by the Debtor, (b) previously expired or terminated pursuant to its own terms, or (c) is the subject of a motion to assume, assume and assign, or reject filed by the Debtor on or before the Effective Date.

X.    **Settlement of Claims and Causes of Action: 11 U.S.C. § 1123(b)(3).** In consideration for the distributions and other benefits provided under the Plan and with the support of the various creditors, stakeholders, and other parties in interest, the provisions of the Plan constitute a good-faith compromise of all Claims, Equity Interests, Causes of Action, as applicable, and controversies released, settled, compromised, or otherwise resolved pursuant to the Plan. Those settlements and compromises are fair, equitable, and reasonable, and approved as being in the best interests of the Debtor and its Estate.

Y.    **Modification of the Rights of Holders of Claims: 11 U.S.C. § 1123(b)(5).** The Plan modifies or leaves unaffected, as the case may be, the right of Holders of each Class of Claims and Equity Interests.

Z.    **Other Appropriate Provisions: 11 U.S.C. § 1123(b)(6).** The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) distributions to Holders of Claims, (b) releases by Debtor of certain parties, and (c) exculpation of certain parties.

AA.    **Cure of Defaults: 11 U.S.C. § 1123(d).** The Plan does not contemplate the cure of any defaults. Thus, section 1123(d) of the Bankruptcy Code is not applicable.

BB.    **The Plan's Compliance with the Bankruptcy Code: 11 U.S.C. § 1129(a)(1).** The Plan complies with the applicable provisions of the Bankruptcy Code and, thus, satisfies the requirements of section 1129(a)(1) of the Bankruptcy Code.

CC.    **The Debtor's Compliance with the Bankruptcy Code: 11 U.S.C. § 1129(a)(2).** The Debtor has complied with the applicable provisions of the Bankruptcy Code and, thus, satisfied the requirements of section 1129(a)(2) of the Bankruptcy Code. Specifically, the Debtor: (a) is eligible to be a debtor under section 109, and a proper proponent of the Plan under section

1121(a) of the Bankruptcy Code; (b) has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and (c) complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, the Bankruptcy Rules, the Local Rules, any applicable non-bankruptcy law, rule and regulation, the Disclosure Statement Order, and all other applicable law, in transmitting the Solicitation Packages, and related documents and notices, and in soliciting and tabulating the votes on the Plan.

DD.     **Plan Proposed in Good Faith: 11 U.S.C. § 1129(a)(3).** The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is evident from the facts and record of this Chapter 11 Case, the record made at the Confirmation Hearing, and the other proceedings in this Chapter 11 Case. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate for the benefit of creditors. The Plan was negotiated among the case constituents in good faith and at arm's-length. Further, the Plan's classification, distribution, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's-length. Such provisions are consistent with the Bankruptcy Code, are each necessary for the success of the Plan, and were not included in the Plan for any improper purpose.

EE.     **Payment for Services or Costs and Expenses: 11 U.S.C. § 1129(a)(4).** Any payment to be made by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, is subject to the approval of the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

FF.     **Directors, Officers, and Insiders: 11 U.S.C. § 1129(a)(5).** The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The Debtor has disclosed the identity of the individual principals of the Reorganized Debtor, which is consistent with the interests of Holders of Claims, Holders of Equity Interests, and with public policy.

GG.     **No Rate Changes: 11 U.S.C. § 1129(a)(6).** Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtor or the Plan.

HH.     **Best Interest of Creditors: 11 U.S.C. § 1129(a)(7).** The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Liquidation Analysis set forth in the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing establishes that each Holder of Claims and Equity Interests will receive or retain under the Plan, on account of such Allowed Claim or Allowed Equity Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

II.     **Acceptance by or Unimpairment of Certain Classes: 11 U.S.C. § 1129(a)(8).** Classes 1 – 5 are Unimpaired by the Plan, and Holders of Claims and Holders of Equity Interests in such Classes are thus conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, section 1129(a)(8) of the Bankruptcy Code has been satisfied.

JJ.     **Treatment of Administrative Expense Claims and Priority Tax Claims: 11 U.S.C. § 1129(a)(9).** The treatment of Administrative Claims, Professional Fee Claims, Priority Tax Claims, and Other Priority Claims under the Plan satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

KK. **Acceptance by at Least One Impaired Classes of Claims: 11 U.S.C. § 1129(a)(10).** There are no Impaired Classes of Claims under the Plan. Accordingly, the section 1129(a)(10) of the Bankruptcy Code is not applicable to the Plan.

LL. **Feasibility: 11 U.S.C. § 1129(a)(11).** The Debtor is liquidating pursuant to the Plan in a manner that complies with the priority scheme and other provisions of the Bankruptcy Code and other applicable law. As a result, the requirements of section 1129(a)(11) of the Bankruptcy Code have been satisfied.

MM. **Payment of Fees: 11 U.S.C. § 1129(a)(12).** All fees due and payable pursuant to section 1930 of chapter 123 of title 28, United States Code, as determined by the Court, have been or will be paid by the Debtor on the Effective Date pursuant to the Plan. Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

NN. **Continuation of Retiree Benefits: 11 U.S.C. § 1129(a)(13).** The Debtor does not pay any "retiree benefits," as defined in section 1114 of the Bankruptcy Code. Accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

OO. **Non-Applicability of Certain Sections: 11 U.S.C. § 129(a)(14)-(16).** Sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to this Chapter 11 Case. The Debtor owes no domestic support obligations, is not an individual, and is not a nonprofit corporation.

PP. **Only One Plan: 11 U.S.C. § 1129(c).** The Plan is the only plan subject to confirmation. Section 1129(c) of the Bankruptcy Code has been satisfied.

QQ. **Principal Purpose of the Plan: 11 U.S.C. § 1129(d).** The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

12

RR.    **Not Small Business Cases: 11 U.S.C. § 1129(e).** This Chapter 11 Case is not a small business case and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

SS.    **Approval of the Settlement Agreement**. The Settlement Agreement is approved in all respects. Immediately upon the entry of this order, all parties are authorized to take any and all actions necessary to perform under the terms of the Settlement Agreement and consummate the transactions contemplated under the Settlement Agreement. The Settlement Agreement is the product of good-faith, arm's-length negotiations among the Parties thereto and resolves complex disputed issues without the need for costly and protracted litigation. The Settlement Agreement is fair, reasonable, and in the best interests of the Estate and its creditors. The Settlement Agreement is an exercise of sound business judgment on behalf of the Debtor. Any applicable stay imposed under the Bankruptcy Rules is modified to the extent that this order shall be effective immediately upon entry such that the terms of the Settlement Agreement are effective and binding on the Parties.

TT.    **Sale of the Property is Approved.** Pursuant to the terms of the Settlement Agreement, the sale and conveyance of the Property is approved. The terms of the conveyance of the Property were negotiated at arm's length without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As set forth in the approved Settlement Agreement, the CDSS shall deliver to the Debtor the sum of $3,000,000.00 ("**Purchase Price**") in exchange for the sale and conveyance of the Property to a grantee of the CDSS's selection ("**Grantee**"). The CDSS and the Grantee recognized that the Debtor was free to deal with any other party interested in acquiring the Property. All payments to be made by the CDSS and/or the Grantee and other agreements or arrangements entered into by the Parties in connection with the

13

sale of the Property have been disclosed; neither the Grantee, the CDSS, nor the Debtor have violated section 363(n) of the Bankruptcy Code by any action or inaction. The Grantee is a good faith purchaser in accordance with section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Grantee is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the sale of the Property pursuant to the Settlement Agreement. The Grantee shall not be deemed to be a successor in interest to the Debtor, the CDSS, the Estate, the reorganized debtor, or any assignee or successor-in-interest to any of such parties, and the Grantee shall not have any successor liability as to the Property. The Purchase Price is the highest and best offer for the Property under the specific circumstances of the Chapter 11 Case and the Program Documents encumbering the Property. The Court's determinations that (i) the Purchase Price constitutes the highest and best offer for the Property (in consideration of the unique nature of the Program Documents encumbering the Property), and (ii) the Debtor's sale of the Property under the terms of the Settlement Agreement constitute a valid and sound exercise of the Debtor's business judgment. The Debtor is the sole and lawful owner of the Property, and title thereto is vested in the Estate within the meaning of section 541(a) of the Bankruptcy Code. Subject to section 363(f) of the Bankruptcy Code, the transfer of the Property to the Grantee will be, as of the Closing Date, a legal, valid, and effective transfer of title to the Property, which transfer vests or will vest the Grantee with all right, title, and interest to the Property free and clear of all monetary liens, claims, encumbrances, and interests, but subject to the Program Documents, non-monetary encumbrances and title exceptions of record, which shall remain intact, enforceable and fully perfected against the Property after the Closing Date. Consummation of the sale constitutes the exercise by the Debtor of sound business judgment, and such act is in the best interest of the Debtor, the Estate, its creditors, and all parties in interest. The Court finds that the

Debtor has articulated good and sufficient business reasons justifying the sale of the Property to the Grantee. The Debtor has articulated good and sufficient reasons for approval of the sale of the Property to the Grantee pursuant to the terms of the Settlement Agreement. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

UU. **Good Faith Solicitation: 11 U.S.C. § 1125(e).** Based on the record before the Court in this Chapter 11 Case, the Debtor, its Professionals, and each other exculpated party have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with all of their respective activities arising out of, relating to, or connected with the administration of the Chapter 11 Case, the preparation and solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the funding of the Plan, the consummation of the Plan, the administration of the Plan and the property to be distributed under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code. Each such party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

VV. **Plan Implementation.** The terms of the Plan are incorporated by reference and are, except as addressed herein or in any future order of the Court contemplated by this Confirmation

15

Order, proper in all respects, and constitute an integral part of this Confirmation Order. The Plan and this Confirmation Order have been negotiated in good faith and at arm's-length and, subject to the occurrence of the Effective Date, shall bind any Holder of a Claim or Equity Interest and such Holder's respective successors and assigns, whether or not the Claim or Equity Interest is Impaired under the Plan, whether or not such Holder has accepted the Plan, and whether or not such Holder is entitled to a distribution under the Plan. The Plan and this Confirmation Order constitute legal, valid, binding, and authorized obligations of the respective parties thereto and shall be enforceable in accordance with their terms. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan and this Confirmation Order shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. All documents and agreements necessary to implement the transactions contemplated by the Plan (explicitly including the Settlement Agreement) and all other relevant and necessary documents have been negotiated in good faith and at arm's-length, are in the best interests of the Debtor, and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. The documents and agreements are essential elements of the Plan, and entry into, and consummation of the transactions contemplated by each such document or agreement is in the best interests of the Debtor, the Estate, and the Holders of Claims. The Debtor has exercised reasonable business judgment in determining which documents and agreements to enter into and have provided sufficient and adequate notice of such documents and agreements. The Debtor is authorized to take any action reasonably necessary or appropriate to consummate such agreements and the transactions contemplated thereby.

WW.    **Executory Contracts and Unexpired Leases.** The Debtor has exercised sound business judgment in rejecting each of its remaining Executory Contracts and Unexpired Leases pursuant to Article VII of the Plan.

XX.    **Exculpations, Injunctions, Releases, and Gatekeeper Provisions.** The Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b) to approve the exculpation, injunctions, stays, releases, and gatekeeping provisions set forth in Article IX of the Plan. Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the releases and injunctions set forth in the Settlement Agreement and Article IX of the Plan if, as has been established here based upon the record in the Chapter 11 Case and the evidence presented at the Confirmation Hearing, such provisions (i) were integral to the settlement, and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtor's Estate, (iii) are fair, equitable, and reasonable, and (iv) are in the best interests of the Debtor, its Estate, and parties in interest. Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpation, injunctions, and gatekeeping provisions set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtor and its Estate, creditors, and stakeholders. The releases set forth in Article IX of the Plan are fair to Holders of Claims and are necessary to the proposed reorganization. Such releases are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties receiving such releases. The record of the Confirmation Hearing and this Chapter 11 Case is sufficient to support the releases, exculpation, injunctions, and gatekeeping provisions provided for in the Settlement Agreement and Article IX of the Plan, which are appropriately tailored to protect the exculpated parties from unnecessary litigation. The injunction provisions set forth in

17

Article IX of the Plan are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the discharge and the release provisions of the Plan, including the release, exculpation, and gatekeeping provisions of the Plan. Such injunction provisions are appropriately tailored to achieve those purposes. Accordingly, based upon the record of this Chapter 11 Case, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the injunctions, exculpation, and releases set forth in the Settlement Agreement and Article IX of the Plan are consistent with the Bankruptcy Code and applicable law.

YY.  **Conditions Precedent to Confirmation.** The conditions precedent to confirmation of the Plan have been satisfied.

ZZ.  **Retention of Jurisdiction.** This Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in the Plan and section 1142 of the Bankruptcy Code.

AAA.  **Objections.** All parties have had a full and fair opportunity to file objections to confirmation of the Plan and to litigate any such objections.

BBB.  **Satisfaction of Confirmation Requirements.** Based on the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

## **ORDER**

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  **Confirmation.** The Plan, as modified hereby, shall be, and hereby is, confirmed pursuant to section 1129 of the Bankruptcy Code.

2.  **Solicitation and Notice.** Notice of the Confirmation Hearing and the solicitation of votes on the Plan: (a) complied with the terms of the Disclosure Statement Order; (b) were

18

appropriate and satisfactory based upon the circumstances of the Debtor's Chapter 11 Case; and (c) were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3. **Approval of Plan Modifications.** In accordance with Bankruptcy Rule 3019, the Plan Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes on the Plan under section 1126 of the Bankruptcy Code, and they do not require that Holders of Claims be afforded an opportunity to change previously cast votes accepting or rejecting the Plan. Accordingly, the Plan is properly before this Court, and any votes cast with respect to the Plan prior to such modification shall be binding and shall apply with respect to the Plan, as modified.

4. **Objections.** All objections to the Plan not otherwise withdrawn at or prior to the Confirmation Hearing are overruled for the reasons articulated by the Court on the record at the Confirmation Hearing.

5. **Binding Effect.** Pursuant to section 1141(a), and except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind any Holder of a Claim against or Equity Interest in the Debtor and such Holder's respective successors and assigns, whether or not such Claim or Equity Interest of such Holder is Impaired under the Plan and whether or not such Holder has accepted the Plan.

6. **Implementation.** The Debtor is authorized to take all actions necessary, appropriate, or desirable to enter into, implement, and consummate the contracts, instruments, releases, agreements, or other documents created or executed in connection with the Plan (explicitly including, without limitation, the Settlement Agreement). Without further order or authorization of this Court, the Debtor and its successors are authorized and empowered to make

non-material modifications to the Plan documents, or otherwise modify the same as necessary to conform to the terms of the Plan and this Confirmation Order. Execution versions of the Plan and all related documents, where applicable, shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms. The Reorganized Debtor shall have the authority to act on behalf of the Debtor to the extent necessary, appropriate, or desirable to effectuate the provisions of the Plan and this Confirmation Order.

7.      **Approval of the Settlement Agreement**. The Settlement Agreement is approved in all respects. Immediately upon the entry of this order, all parties are authorized to take any and all actions necessary to perform under the terms of the Settlement Agreement and consummate the transactions contemplated under the Settlement Agreement. The Settlement Agreement is the product of good-faith, arm's-length negotiations among the Parties thereto and resolves complex disputed issues without the need for costly and protracted litigation. The Settlement Agreement is fair, reasonable, and in the best interests of the Estate and its creditors. The Settlement Agreement is an exercise of sound business judgment on behalf of the Debtor. Any applicable stay imposed under the Bankruptcy Rules is modified to the extent that this order shall be effective immediately upon entry such that the terms of the Settlement Agreement are effective and binding on the Parties.

8.      **Sale of the Property is Approved**. Pursuant to the terms of the Settlement Agreement, the sale and conveyance of the Property is approved. The terms of the conveyance of the Property were negotiated at arm's length without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As set forth in the approved Settlement Agreement, the CDSS shall deliver to the Debtor the sum of $3,000,000.00 in exchange for the sale and conveyance of the Property to a grantee of the CDSS's selection. The CDSS and the

Grantee recognized that the Debtor was free to deal with any other party interested in acquiring the Property. All payments to be made by the CDSS and/or the Grantee and other agreements or arrangements entered into by the Parties in connection with the sale of the Property have been disclosed; neither the Grantee, the CDSS, nor the Debtor have violated section 363(n) of the Bankruptcy Code by any action or inaction. The Grantee is a good faith purchaser in accordance with section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Grantee is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the sale of the Property pursuant to the Settlement Agreement. The Grantee shall not be deemed to be a successor in interest to the Debtor, the CDSS, the Estate, the reorganized debtor, or any assignee or successor-in-interest to any of such parties, and the Grantee shall not have any successor liability as to the Property. The Purchase Price is the highest and best offer for the Property under the specific circumstances of the Chapter 11 Case and the Program Documents encumbering the Property. The Court's determinations that (i) the Purchase Price constitutes the highest and best offer for the Property (in consideration of the unique nature of the Program Documents encumbering the Property), and (ii) the Debtor's sale of the Property under the terms of the Settlement Agreement constitute a valid and sound exercise of the Debtor's business judgment. The Debtor is the sole and lawful owner of the Property, and title thereto is vested in the Estate within the meaning of section 541(a) of the Bankruptcy Code. Subject to section 363(f) of the Bankruptcy Code, the transfer of the Property to the Grantee will be, as of the Closing Date, a legal, valid, and effective transfer of title to the Property, which transfer vests or will vest the Grantee with all right, title, and interest to the Property free and clear of all monetary liens, claims, encumbrances, and interests, but subject to the Program Documents, non-monetary encumbrances and title exceptions of record, which shall remain intact, enforceable and fully

21

perfected against the Property after the Closing Date. Consummation of the sale constitutes the exercise by the Debtor of sound business judgment, and such act is in the best interest of the Debtor, the Estate, its creditors, and all parties in interest. The Court finds that the Debtor has articulated good and sufficient business reasons justifying the sale of the Property to the Grantee. The Debtor has articulated good and sufficient reasons for approval of the sale of the Property to the Grantee pursuant to the terms of the Settlement Agreement. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

9.    **Plan Classification Controlling.** The classification of Claims and Equity Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.

10.    **Vesting of Assets in the Reorganized Debtor.** As set forth in the Plan, as of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, any assets belonging to the Estate shall vest in the Reorganized Debtor, free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as otherwise provided in this Plan. On the Effective Date, the Reorganized Debtor shall be authorized to implement and adopt any other agreements, documents, and instruments and to take any other actions contemplated under the Plan as necessary or desirable to consummate the Plan.

11.    **Transfer of Retained Causes of Action.** On the Effective Date, the Debtor shall be deemed to have transferred and assigned the Retained Causes of Action to the Reorganized Debtor. The transfer and assignment of the Retained Causes of Action to the Reorganized Debtor shall be free and clear of all Liens, Claims, and encumbrances except as otherwise specifically

provided in the Plan. Upon delivery of the assignment, the Reorganized Debtor shall be deemed the owner of the Retained Causes of Action with full power and authority to prosecute the Retained Causes of Action.

12.      **Post-Confirmation Governance.** On and after the Effective Date, the Reorganized Debtor shall be deemed the representative of the Estate in accordance with section 1123 of the Bankruptcy Code and shall have all powers, authority, and responsibilities specified in the Plan, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code and Bankruptcy Rule 2004.

13.      **Distribution Under the Plan.** All distributions under the Plan shall be made in accordance with the Plan and this Confirmation Order.

14.      **Distribution Waterfall.** Except as otherwise expressly provided in the Plan or this Confirmation Order, the Reorganized Debtor shall distribute the Net Proceeds, from time to time and as assets are monetized, in the following order of priority: *first*, on account of Allowed Administrative Expense Claims (including final professional fee claims approved by final, non-appealable order of the Bankruptcy Court), which shall be paid in full from available funds to the extent not previously paid or satisfied otherwise; *second*, on account of Allowed Priority Claims (including the Secured Ad Valorem Tax Claim to the extent not already paid in full without any duplicative distribution to the Tax Authority); *third*, on account of Allowed General Unsecured Claims; and *fourth*, the remainder to the Equity Interests. In the event of any inconsistency between the Plan and this Confirmation Order with respect to the implementation of the foregoing distribution waterfall, this Confirmation Order shall control.

15.      **Notice of Entry of Confirmation Order and Occurrence of Effective Date.** Within five (5) Business Days after the Effective Date, the Debtor shall file with the Bankruptcy

Court and serve on all parties in interest in this Chapter 11 Case notice of: (i) entry of this Confirmation Order and occurrence of the Effective Date; and (ii) the last date to file requests for payment of Administrative Expense Claims pursuant to the Plan.

16. **Administrative Expense Claims.** Except as otherwise provided in the Plan or this Confirmation Order, requests for payment of Administrative Expense Claims must be filed no later than 60 days after the Effective Date ("**Administrative Expense Claim Bar Date**"). Holders of Administrative Expense Claims that are required to file and serve a request for such payment of such Administrative Expense Claims that do not file and serve such a request on or before the Administrative Expense Claim Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Expense Claims against the Debtor or any other parties in interest to this bankruptcy case, and such Administrative Expense Claims shall be deemed compromised, settled, and released as of the Effective Date.

17. **Professional Fee Claims.** Unless otherwise excused by an order of the Bankruptcy Court, every professional person holding an alleged Administrative Expense Claim arising from the rendering of professional services to the Estate ("**Professional Fee Claims**") that has not previously been the subject of a final fee application and accompanying Court order shall file a final application for payment of fees and reimbursement of expenses no later than the Administrative Expense Claims Bar Date. Any such final fee application shall conform to and comply with all applicable rules and regulations contained in the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The last date to object to any final fee application shall be the twenty-fourth (24th) day after such fee application has been filed with the Bankruptcy Court. All final fee applications shall be set for hearing on the same day, as the Court's calendar permits, after consultation with counsel to the Debtor and the Committee. Allowed Professional Fee Claims shall

24

be paid in accordance with and pursuant to the Plan.  Unless a Professional Fee Claim is allowed by the Court, professional persons rendering professional services to the Estate shall be forever barred, estopped, and enjoined from enforcing them against the Debtor or any other parties in interest to this bankruptcy case.

18.    **Rejection of Executory Contracts and Unexpired Leases.** Pursuant to the Plan, except as otherwise provided in the Plan or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, the Debtor is hereby deemed to have rejected each Executory Contract and Unexpired Lease to which it is a party, unless such contract or lease (i) was previously assumed, assumed and assigned, or rejected by the Debtor, (ii) previously expired or terminated pursuant to its own terms, or (iii) is the subject of a motion to assume, assume and assign, or reject filed by the Debtor on or before the Effective Date. This Confirmation Order shall constitute approval, pursuant to sections 365(a) and 1123(b) of the Bankruptcy Code, of the rejection of Executory Contracts and Unexpired Leases as described above upon the occurrence of the Effective Date. Such rejection shall be legal, valid, and binding upon the Debtor and all non-Debtor counterparties to such contracts or leases and satisfy the requirements of section 365 of the Bankruptcy Code, including, without limitation, section 365(d)(4).

19.    **General Authorization.** Upon the Effective Date, all actions contemplated under the Plan shall be deemed authorized and approved in all respects. All matters provided for in the Plan involving the structure of the Debtor, and any action required by or in connection with the Plan, shall be deemed to have occurred and shall be in effect, without any requirement of further action by any person or entity.

20. **Effectuating Documents; Further Transactions.** On and after the Effective Date, the Reorganized Debtor is authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan in the name of and on behalf of the Debtor without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan.

21. **Payment of Statutory Fees.** All fees payable under 28 U.S.C. § 1930 shall be paid on the Effective Date and thereafter, as appropriate.

22. **Governmental Approvals Not Required.** This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

23. **Filing and Recording.** This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Equity Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments

26

necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law, including, but not limited to, the transfer of any assets of the Debtor's Estate.

24. **Exemption from Transfer Taxes.** Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax. All sale transactions consummated by the Debtor and approved by the Court on and after the Petition Date through and including the Effective Date, including the transfers effectuated under the Plan, the sale by the Debtor of owned property pursuant to section 363(b) of the Bankruptcy Code, and the assumption, assignment, and sale by the Debtor of Unexpired Leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code, shall be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

25. **Exculpation, Releases, and Injunctions.** The exculpations, releases, injunctions, stay, and gatekeeping provisions contained in the Plan are hereby approved.

26.     **Conditions to the Effective Date.** The Plan shall not become effective unless and until the conditions set forth in the Plan have been satisfied or waived pursuant to the Plan.

27.     **Retention of Jurisdiction.** Upon the Effective Date, the Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in the Plan and section 1142 of the Bankruptcy Code.

28.     **Appeal of the Confirmation Order.** Except as otherwise provided herein, if any provision of this Confirmation Order is hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or Lien incurred or undertaken by the Debtor prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any reversal, stay, modification, or vacatur of this Confirmation Order, any act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto, and shall remain binding.

29.     **Conflicts Between Confirmation Order and Plan.** The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by this reference. The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to affect the purposes of each. In the event of any inconsistency between the Plan and this Confirmation Order, the Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with

each other and are non-severable and mutually dependent unless expressly stated by further order of the Court.

30.     **Authorization to Consummate Plan/No Stay.** Notwithstanding Bankruptcy Rule 3020(e), and to the extent applicable, Bankruptcy Rules 6004(h) and 7062, any stays applicable to this Confirmation Order are hereby waived in their entirety, and the Debtor is immediately authorized to consummate the Plan upon entry of this Confirmation Order (explicitly including the transactions contemplated by the Settlement Agreement), and the Confirmation Order shall take effect on the date hereof.

# # # **End of Order** # # #

Order submitted by:

*/s/ Thomas C. Scannell*
Thomas C. Scannell (TX 24070559)
J. Michael Thomas (TX 24066812)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
tscannell@foley.com
jmthomas@foley.com
zzahn@foley.com

**COUNSEL TO DEBTOR
AND DEBTOR IN POSSESSION**